# Commonwealth v. McKay

*James F. Marsh,* assistant district attorney for Commonwealth.

*Anne C. Tiracchia,* for defendant.

WILLIAMS, *S.J.,* April 27, 1984—Defendant is charged in the First Count of the Complaint with Theft of Movable Property. It is alleged that on or about May 2, 1983, defendant took unlawful control over movable property, to wit, a 1970 Kenworth tractor, belonging to Brentwood Furniture Company of Haverhill, MA. That the tractor had a value of about $50,000. He is charged with violation of Section 3921(a) of the Pennsylvania Criminal Code, 18 P.S. §3921(a).

In Count Two of the complaint, he is charged with the crime of Unauthorized Use of a Motor Vehicle in violation of Section 3928(a), 18 P.S. §3928(a).

The record shows that defendant on or about May 6, 1983, was charged in the State of New Jersey with possession of a stolen vehicle, knowing it to be

stolen. This in violation of N.J.S. 2C:20:7(a). This offense arises out of the same incident as the Pennsylvania prosecution.

Defendant pleaded guilty to the charge in New Jersey on June 7, 1983 and sentenced to time served.

Defendant has filed a petition to dismiss the Pennsylvania prosecution, alleging it violates his Fifth Amendment rights against double jeopardy.

## DISCUSSION

Here, the two crimes charged in Pennsylvania and the charge in New Jersey arise out of a single incident. Moreover, the offenses involved are merely different degrees of the same principal offense. This being true, we start with the premise that only one punishment can be imposed after conviction. Commonwealth v. Bernard Sparrow, a/k/a Bernard Johnson, 471 Pa. 490, 503 (1977), 370 A.2d 712.

18 P.S. §110 provides:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court

unless the court ordered a separate trial of the charge of such offense,"

All the offenses charged arise out of a single incident. It is obvious that the prosecuting officer knew that defendant could be charged with receiving stolen property. This being true, under P.S. §110, the prosecution of defendant and his conviction of receiving stolen property, if it took place in Pennsylvania, would clearly bar a prosecution of theft or unauthorized use of a motor vehicle.

Thus, under the case law of Pennsylvania, relating to the doctrine of merger, it is clear that only one punishment could be inflicted even if the Defendant were convicted of all three crimes, differing only in degree from the principal crime. Likewise, under P.S. §110 the conviction or acquittal of the crime of receiving would bar a prosecution for either theft or unauthorized use of the same vehicle.

In this case the County of Monroe had jurisdiction over a charge of receiving stolen property. The crime of receiving stolen property is a continuing offense. Once the crime is committed, any jurisdiction in which the person charged with the offense, has possession of the stolen property has jurisdiction to charge him with that offense.

Since defendant received the stolen property in Monroe County, he committed the crime of receiving both in Pennsylvania and New Jersey. See Commonwealth v. Zilberg, 12 D.&C. 781 (1929). Since receiving is a continuing crime, both New Jersey and Monroe County had concurrent jurisdiction over the offense. This negates an argument that the defendant was not put in jeopardy in New Jersey because it lacked jurisdiction of the offense.

Since there was concurrent jurisdiction present, the prosecution in the case is barred by P.A.

18, §111 the pertinent part of which reads as follows:

"When conduct constitutes an offense within the concurrent jurisdiction of this Commonwealth and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Commonwealth under the following circumstances:

(1) The first prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is based on the same conduct unless:"

Here, the principal crime involved was Theft. Receiving Stolen Property is a form of theft under the Pennsylvania Crimes Code. The prosecution in the State of New Jersey is based upon the same facts and circumstances as the prosecution in Pennsylvania.

This being true the express terms of P.S. §109 and P.S. §111 bar the present prosecution.

## ORDER

And now, April 27, 1984, petition to dismiss prosecution for theft and unauthorized use of a motor vehicle on grounds of double jeopardy is granted and defendant is discharged.